UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

STEPHANIE BOWERING NOWLIN                                    PLAINTIFF

V.                                        CIVIL ACTION NO. 3:25-CV-662-DPJ-ASH

TAMALA KING, ET AL.                                         DEFENDANTS

ORDER

This Order addresses two motions in this civil-rights case filed under 42 U.S.C. § 1983.

First, the Court grants Defendant Rankin County's motion to dismiss [12].  Second, the Court

denies Plaintiff Stephanie Bowering Nowlin's motion to amend [25] as to Rankin County.  The

Court takes Nowlin's motion to amend under advisement as to the other Defendants.

I.      Facts and Procedural History

Nowlin presents a troubling story.  She was arrested for allegedly violating the terms of

her probation on June 14, 2021.  Compl. [1] ¶ 16.  She says her Mississippi Department of

Corrections (MDOC) probation officer, Defendant Tamala King, falsely told her that she had

"tested positive for fentanyl at a scheduled probation meeting."  *Id.* ¶ 18.  Though Nowlin asked

for proof and wished to contest the results, King allegedly "discarded the test" and took Nowlin

to the Rankin County Jail.  *Id.* ¶¶ 29–30.

Nowlin says a Rankin County employee then contacted her ex-husband and told him that

"[Nowlin] had tested positive for fentanyl and [had been] taken into custody."  *Id.* ¶ 32.  She also

claims that King "communicated to others" that Nowlin had "tested positive for fentanyl" and

"violated probation."  *Id.* ¶ 33.

After learning about her arrest, Nowlin's ex-husband filed a restraining order against her

to "suspend [Nowlin's] contact and visitation with her two minor sons."  *Id.* ¶ 34.  Then, when

Nowlin was released, her ex-husband's attorney "pressured" her into signing an order cutting off contact with her two minor sons. *Id.* ¶¶ 37, 42.

Over a year later, at a September 1, 2022 hearing to lift the restraining order, King testified for Nowlin's ex-husband and claimed that Nowlin "violated the terms of her probation" when she tested "positive for fentanyl" and failed to notify King about "her location and residential address changes." *Id.* ¶ 45. Nowlin believes the judge "denied [her] right to visit" her sons based "largely" on this false testimony. *Id.* ¶ 46.

Nowlin denies King's allegations and claims that King knowingly made these false accusations as part of "an orchestrated attack" involving King and the other Defendants, Rankin County and MDOC. *Id.* ¶¶ 19, 62. The only pleaded fact linking Rankin County to that alleged conspiracy is that Rankin County Sheriff Bryan Bailey and his wife are close friends with Nowlin's ex-husband. *Id.* ¶ 121.

Nowlin also claims that she discovered evidence of this alleged conspiracy after MDOC hired her to be its government affairs coordinator in September 2022. *Id.* ¶ 71. Once there, she learned that "at the time of her arrest, MDOC did not use urine tests that tested specifically for fentanyl and that the purported test never existed." *Id.* ¶ 76.

On August 8, 2025, Nowlin sued King, Rankin County, and MDOC under § 1983 alleging Defendants violated her Fourth and Fourteenth Amendment rights, due-process rights, and engaged in a civil-conspiracy. *Id.* ¶¶ 79–128. She seeks $500,000 in compensatory damages from each Defendant and $15 million in punitive damages. *Id.* ¶ 141. On September 26, 2025, Rankin County moved to dismiss [12]. After that motion was fully briefed, Nowlin sought leave to file her first amended complaint [25]. Rankin County responded in opposition [26] and was

the only party to do so.  Five months after briefing on the motion to amend closed, Defendants MDOC and King moved to dismiss the original complaint.  *See* Mots. [30, 31].

The Court will first consider Rankin County's motion to dismiss and then turn to Nowlin's motion to amend her complaint.

II.     Motion to Dismiss

A.     Standard

When deciding a Rule 12(b)(6) motion to dismiss, the "[C]ourt accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)).  But the Court will not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."  *Watkins v. Allstate Prop. & Cas. Ins. Co.*, 90 F.4th 814, 817 (5th Cir. 2024) (quoting *King v. Baylor Univ.*, 46 F.4th 344, 356 (5th Cir. 2022)).  "Conclusory" means "[e]xpressing a factual inference without stating the underlying facts on which the inference is based."  *Black's Law Dict.* (11th ed. 2019), *quoted in Favela v. Collier*, 91 F.4th 1210, 1213 (5th Cir. 2024).

To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements."  *In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

The Court's review under Rule 12(b)(6) is generally limited to the complaint. *See* Fed. R. Civ. P. 12(d). Here, Nowlin hopes to augment the Complaint with her own affidavit identified as "Exhibit A" to her response. Pl.'s Resp. [17] at 2. There are two problems with that. First, she never attached Exhibit A to any filing. Second, even if she had, the Court could not consider it unless the Court converted the motion to dismiss to a motion for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d).

Nowlin disagrees, arguing that the Court may consider the exhibit without converting because it is "central to the claims and consistent with the complaint." Pl.'s Resp. [17] at 3. To get there, she cites *Collins v. Morgan Stanley Dean Witter*, but that's not what *Collins* says. 224 F.3d 496, 498–99 (5th Cir. 2000). Collins states that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). This rule does not allow a plaintiff to augment her pleaded facts with an affidavit.

So, to consider the affidavit, the motion would have to be converted. "Rule 12[(d)] gives a district court complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion." *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 194 n.3 (5th Cir. 1988) (internal quotation marks and citation omitted). The Court declines to exercise that discretion, especially when the exhibit was never provided.

B.    Analysis

Rankin County says the claims against it should be dismissed for two reasons. First, the claims are barred by the three-year statute of limitations under Mississippi Code section 15-1-49.

Def.'s Mem. [13] at 2.  Next, Nowlin failed to state a "facially plausible claim" against it.  *Id.*
The Court will address these arguments in turn.

1.      Statute of Limitations

"A motion to dismiss may be granted on a statute of limitations defense where it is
evident from the pleadings that the action is time-barred. . . ."  *Taylor v. Bailey Tool Mfg. Co.*,
744 F.3d 944, 946 (5th Cir. 2014).  To begin, the applicable statute of limitations for a § 1983
claim is the forum state's general personal-injury limitations period.  *See Rotella v. Pederson*,
144 F.3d 892, 897 (5th Cir. 1998).  In Mississippi, that's three years.  *See* Miss. Code. Ann. § 15-
1-49(1); *Bernegger v. Dep't of Revenue*, 785 F. App'x 209, 212 (5th Cir. 2019) (applying three-
year statute of limitations in section 15-1-49(1) to § 1983 claim).

That said, courts look to federal law to determine when a claim accrues.  *See Walker v.
Epps*, 550 F.3d 407, 414 (5th Cir. 2008) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)).  And
"[u]nder federal law, the [limitations] period begins to run 'the moment the plaintiff becomes
aware that [she] has suffered an injury or has sufficient information to know that [she] has been
injured.'"  *Russell v. Bd. of Trs.*, 968 F.2d 489, 493 (5th Cir. 1992) (quoting *Rodriguez v.
Holmes*, 963 F.2d 799, 802 (5th Cir. 1992)).

Nowlin's claims accrued in June 2021.  According to her, on June 14, 2021, King falsely
accused her of using fentanyl following a urine test.  Compl. [1] ¶¶ 16, 18.  Nowlin knew that
was untrue and demanded to see the test results, *id.* ¶¶ 19, 28, but King "discarded" them, *id.*
¶ 29.  That same day, Nowlin was taken into custody at the Rankin County Jail.  *Id.* ¶ 16.  And
shortly after that, Nowlin's ex-husband used the probation violation to seek a restraining order,
*id.* ¶ 34, and then coerced her to sign an order that prevented her from seeing her children, *id.* ¶¶

33, 37.  Nowlin thought "the restraining order was temporary and would be dropped *because [she] never consumed Fentanyl.*"  *Id.* ¶ 38 (emphasis added).

Taking her allegations as true, Nowlin knew she did not fail the drug test when King "accused" her.  *Id.* ¶ 27.  She also knew in June 2021 that the test results caused her incarceration in Rankin County, *id.*, and would impact her visitation rights, *id.* ¶ 33.  Though all claims against Rankin County stem from June 14, 2021, Nowlin did not file her lawsuit until August 29, 2025, over four years after she first "bec[came] aware" that she had suffered an injury.  *Russell*, 968 F.2d at 493.[1]

Despite her pleaded facts, Nowlin still says the claims are timely because the statute of limitations should be tolled at least until September 1, 2022.  *See* Pl.'s Resp. [17] at 4.  Nowlin offers two grounds for her tolling argument—fraudulent concealment and the continuing-violation doctrine.

***Fraudulent concealment.***  To begin, a state's fraudulent-concealment laws can toll the statute of limitations under § 1983.  *See Rotella,* 144 F.3d at 897 (applying Texas law).  In Mississippi, fraudulent concealment requires proof of two elements—"subsequent affirmative acts of concealment and due diligence."  *Andrus v. Ellis*, 887 So. 2d 175, 181 (Miss. 2004); *see* Miss. Code Ann. § 15-1-67.  Nowlin has established neither element.

To meet the first element, Nowlin must show "some subsequent affirmative act by the defendant which was designed to prevent and which did prevent discovery of the claim."

---

[1] Nowlin alleges some claims related to a September 1, 2022 hearing in Rankin County Chancery Court, *see* Compl. [1] ¶¶ 42–53, but the factual basis for these claims only involves Defendant King and her testimony at the hearing.  Defendant King is an MDOC employee.  *Id.* ¶ 10.  Nowlin also alleges a conspiracy claim, but as explained below, that claim is defective. *See infra* at 13–14.

*Andrus*, 887 So. 2d at 181 (citing *Stephens v. Equitable Life Assurance Soc'y*, 850 So. 2d 78, 83–84 (Miss. 2003)).  Nowlin says she meets this first test because King used a "falsified report—created and presented as official evidence of fentanyl [use]" during the September 2022 custody hearing.  Pl.'s Resp. [17] at 4–5.  But that's just argument.  As noted above, the Court must decide this motion based solely on the allegations, and the Complaint never mentions creating a new false report in September 2022.

Even if the Complaint did say that, an act by King would not be "an affirmative act by the defendant."  *Andrus*, 887 So. 2d at 181; *see also Griffin v. McNiff*, 744 F. Supp. 1237, 1256 n.20 (S.D.N.Y. 1990), *aff'd*, 996 F.2d 303 (2d Cir. 1993) ("[T]he doctrine of fraudulent concealment tolls the statute of limitations only as to those defendants who committed the concealment.").  The first element also requires a showing that the new false report was "designed to prevent and . . . did prevent discovery of the claim."  *Andrus*, 887 So. 2d at 181.  Yet Nowlin has not explained how a new report (also alleging a positive drug test) was designed to prevent her from discovering the alleged lie she already knew.  Nor has she shown that the alleged new report "did prevent" her from discovering her claim.  *Id.*

On that point, Nowlin argues that until September 2022, she "only knew that she was arrested for allegedly violating a drug screen, which she presumed to be over confusion as to whether CBD oil tested positive *as THC*."  Pl.'s Resp. [17] at 3 (emphasis added).  The suggestion that she thought there was a false THC finding rather than a positive fentanyl test is not pleaded in the Complaint, so it cannot be considered.  And in any event, the Complaint flatly—and repeatedly—contradicts that argument.[2]  In short, Nowlin knew on June 14, 2021, that King falsely accused her of using fentanyl.  *See id.* ¶¶ 27, 28.

---

[2] The Court will separately docket a show-cause order on this point.

And because she knew those things in June 2021, Nowlin has not satisfied the due-diligence requirement for fraudulent concealment either. "Proof of [a subsequent] act must also be coupled with proof that despite . . . her due diligence, the plaintiff was unable to discover the claim." *Andrus*, 887 So. 2d at 181. Even if King concocted a new report—which again is not what the Complaint states—Nowlin knew on June 14, 2021, that the fentanyl accusation was false. She knew that same day that the false test caused her incarceration, and she knew soon thereafter that it would affect her parental rights. *See* Compl. [1] ¶¶ 27–28, 37–39. There are no pleaded facts suggesting why she did not diligently pursue her claims at that point. Nowlin has not shown fraudulent concealment.

**Continuing-violation doctrine.** The continuing-violation doctrine "relieves a plaintiff of establishing that . . . the complained-of conduct occurred within the actionable period if the plaintiff can show a series of related acts, one or more which falls within the limitations period." *Messer v. Meno*, 130 F.3d 130, 134–35 (5th Cir. 1997).

As a threshold issue, "courts, including [the Fifth Circuit], are wary to use the continuing violation doctrine to save claims outside of the area of Title VII discrimination cases." *McGregor v. La. State Univ. Bd. of Sup'rs*, 3 F.3d 850, 866 n.27 (5th Cir. 1993); *accord Brown v. City of Cent.*, No. 23-30146, 2024 WL 546340, at *6 (5th Cir. Feb. 12, 2024).

Moreover, "the continuing violation doctrine extends the limitations period when a violation manifests itself over time, rather than as discrete acts." *Hearn v. McCraw*, 856 F. App'x 493, 496 (5th Cir. 2021) (quoting *Doe v. United States*, 197 F. Supp. 3d 933, 939 (S.D. Tex. 2016), *aff'd*, 853 F.3d 792 (5th Cir. 2017), *as revised* (Apr. 12, 2017)). "Discrete actions, even if 'serial,' are not entitled to the shelter of the continuing violation doctrine." *Doe v. United States*, 853 F.3d 792, 802 (5th Cir. 2017) (footnote omitted). Nowlin alleges discrete acts in

8

June 2021, and on September 1, 2022.  Compl. [1] ¶¶ 20, 45; *see Gorelik v. Costin*, 605 F.3d 118, 122–23 (1st Cir. 2010) (cited favorably in *Hearn*, 856 F. App'x at 496) ("finding that republishing alleged disciplinary action on website did not constitute 'a continuing tort, but rather the continuing effects of an alleged harm' and thus continuing-violation doctrine did not apply").

The Fifth Circuit has also noted as to the continuing-violation doctrine that "[g]enerally, in determining if equitable tolling is appropriate, we focus the inquiry 'on what event, in fairness and logic, should have alerted the average lay person to act to protect his rights.'"  *Doe*, 853 F.3d at 802 (quoting *Messer*, 130 F.3d at 135).  Nowlin knew the alleged acts and alleged injuries in 2021.

Also, Rankin County correctly notes that Nowlin alleges only three relevant acts by Rankin County, all of which occurred in 2021.  *See* Compl. [1] ¶ 86 (accusing Rankin County of falsely imprisoning Nowlin); *id.* ¶ 92 (faulting Rankin County for informing her friends and family that she violated her parole); *id.* ¶ 121 (accusing Rankin County of conspiring with other Defendants to have her arrested).  These acts occurred outside the statute of limitations.  *See id.* Nowlin's tolling arguments are not persuasive.

Thus, by her own pleadings, Nowlin knew that she had "suffered an injury" and had enough "information to know that [she] had been injured" in June 2021.  *Russell*, 968 F.2d at 493; *see King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 764 (5th Cir. 2015) (finding no fraudulent concealment when plaintiff "had sufficient knowledge of the relevant facts" for her claim).  And because she sued Rankin County more than three years after her claims accrued, they are barred by the statute of limitations.  *See King-White*, 803 at 764 (affirming Rule 12(b)(6) dismissal and rejecting tolling).

2.      Failure to State a Claim

Even if Nowlin's § 1983 claims were timely, Rankin County says they must still be dismissed because she fails to state a claim upon which relief can be granted.  Def.'s Mem. [13] at 4.  The Court will address each claim against Rankin County separately.

***Fourth and Fourteenth Amendment Claims.***  Nowlin alleges that Rankin County violated her Fourth and Fourteenth Amendment rights when it detained, booked, and arrested her, despite knowing the charges against her were fabricated.  *See* Compl. [1] ¶ 86.  She also claims Rankin County violated her rights when its employee "called [Nowlin's] friends and family" and told them she had violated her parole.  *Id.* ¶ 92.

First, Rankin County argues that Nowlin conceded her Fourth Amendment claim when she failed to brief it in her response to its motion to dismiss.  *See* Def.'s Reply [18] at 2.  To some extent that's true.  Rankin argued in its opening brief that "publicizing an official act of the State does not violate any of Plaintiff's constitutional rights."  Def.'s Mem. [13] at 4 (citing *Paul v. Davis*, 424 U.S. 693, 713–14 (1976)).  Nowlin didn't respond, so that claim is waived.  *See Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 585 (5th Cir. 2021) (stating that claims are abandoned when party fails to substantively brief them) (citing *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("A party who inadequately briefs an issue is considered to have abandoned the claim.")).

But Rankin County did not specifically address the other Fourth Amendment claims in its opening brief.  When that happens, "[i]t is the practice of . . . the district courts to refuse to consider" the new arguments.  *Gillaspy v. Dall. Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008) (citation omitted).  And there can be no knowing waiver or abandonment for failing to address arguments that were not made.  That said, the remaining Fourth Amendment claims are

10

subject to Rankin County's argument that no plausible basis for municipal liability has been pleaded.

"Congress did not intend municipalities to be subject to vicarious liability for the federal constitutional or statutory violations of their employees." *Jett v. Dall. Indep. Sch. Dist.*, 491 U.S. 701, 710 (1989). So, for a municipality to be liable under § 1983, Plaintiff must "identify a municipal 'policy' or 'custom' that caused . . . [her] injury." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

"At the motion-to-dismiss stage, a plaintiff need not 'allege the specific identity of the policymaker,' but must 'allege facts that show an official policy, promulgated or ratified by the policymaker, under which the municipality is said to be liable." *Benfer v. City of Baytown*, 120 F.4th 1272, 1286–87 (5th Cir. 2024) (quoting *Groden v. City of Dall.*, 826 F.3d 280, 283–84 (5th Cir. 2016)), *cert. denied*, 145 S. Ct. 1313 (2025).

Nowlin never identifies an official policy in her Complaint. But an official policy may also "arise in the form of a widespread practice that is 'so common and well-settled as to constitute a custom that fairly represents municipal policy.'" *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009) (quoting *Piotrowski v. City of Hou.*, 237 F.3d 567, 579 (5th Cir. 2001)). Nowlin takes that approach, but this is the extent of her argument:

> For county liability under *Monell*, the Complaint need not detail a formal policy but can allege a conspiracy among officials as a "custom or practice" causing the violation. *See Monell*, 436 U.S. at 691 (county liability for acts by officials representing policy). In *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001), the court affirmed dismissal for lack of policy evidence but noted that allegations of repeated official misconduct can infer a custom, warranting discovery. Here, the falsified test and its concealment plausibly suggest a county custom of evidence manipulation in custody matters, especially with the sheriff's personal ties.

11

Pl.'s Resp. [17] at 10.

As an initial point, the "facts" Nowlin highlights are at best conclusory when it comes to Rankin County. For example, she alleges that "[d]espite knowing the falsity of the arrest and the false allegations, Defendant King and Defendant Rankin County proceeded to detain, book and arrest Plaintiff in violation of Plaintiff's rights guaranteed by the Fourth, Fifth, and Fourteenth Amendment of the United States Constitution." Compl. [1] ¶ 86. Yet there are no facts plausibly suggesting that Rankin County knew King falsified a drug test. Such "conclusory allegations," with no supporting facts, cannot survive Rule 12(b)(6). *Watkins*, 90 F.4th at 817.

Nor has she factually pleaded a custom or practice. To do so, she would need to plausibly show a "widespread practice." *Peterson*, 588 F.3d at 847. "In addition to similarity and specificity, a pattern must be comprised of 'sufficiently numerous prior incidents' rather than merely 'isolated instances.'" *Benfer*, 120 F.4th at 1286 (quoting *Fuentes v. Nueces Cnty.*, 689 F. App'x 775, 778 (5th Cir. 2017)). Thus, "[s]howing a pervasive pattern is a heavy burden." *Id.* (quoting *Sanchez v. Young Cnty.*, 956 F.3d 785, 793 (5th Cir. 2020) (finding five incidents of excessive force over four years insufficient).

Nowlin identifies no incidents other than what happened to her. That's not enough. To survive Rule 12(b)(6), she "must plausibly allege, in more than conclusory terms, constitutional violations that occurred in cases other than [her] own." *Williams v. Zordan*, No. CV 21-1061, 2023 WL 6451111, at *13 (W.D. La. Sept. 29, 2023) (citing *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) ("To plead a practice so persistent and widespread as to practically have the force of law, . . . a plaintiff must do more than describe the incident that gave rise to his injury." (cleaned up)).

Because Nowlin does not adequately identify an official policy or a widespread practice that amounts to official policy, she fails to plead a § 1983 claim against Rankin County. *See Valle*, 613 F.3d at 541–42. Thus, this claim must be dismissed.

**Due-Process Violation.** Nowlin does not mention Rankin County in her due-process allegations except to say it is liable for damages. *See* Compl. [1] ¶ 116. This claim may be easily dismissed. For starters, Nowlin says Defendants violated her Fifth Amendment due-process rights, *see* Compl. [1] ¶ 86, but the Fifth Amendment applies only to the federal government, not to municipalities like Rankin County. *See Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Next, Nowlin arguably conceded this claim when she failed to brief it in her response. *See Houston*, 17 F.4th at 585. Finally, there are no allegations plausibly stating a due-process claim for municipal liability against Rankin County. This claim must also be dismissed.

**Civil Conspiracy.** Finally, Nowlin alleges Rankin County and other Defendants "conspired with another to submit false evidence against [Nowlin,] to violate [her] constitutional rights[,] and to alienate [Nowlin] from her children." Compl. [1] ¶ 120. This conspiracy, she alleges, was done as a favor to the Rankin County Sheriff and his wife. *Id.* ¶ 121.

A § 1983 conspiracy claim must allege facts that suggest "'an agreement between the . . . defendants to commit an illegal act' and 'an actual deprivation of constitutional rights.'" *Terwilliger v. Reyna*, 4 F.4th 270, 285 (5th Cir. 2021) (quoting *Cinel*, 15 F.3d at 1343). Importantly, "[a]llegations that are merely conclusory, without reference to specific facts, will not suffice." *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004) (citing *Brinkmann v. Johnston,*793 F.2d 111, 113 (5th Cir. 1986)).

Nowlin identifies four facts from her Complaint that she believes "provide sufficient factual context to infer a conspiracy: the scientifically impossible falsified drug test in 2021, its

13

use to be the prime factor in a custody hearing . . . , the friendship between [Nowlin's] ex-husband and [Sheriff Bailey], and the 2022 testimony being kept from [Nowlin's] counsel." Pl.'s Resp. [17] at 9. According to Nowlin, these facts "suggest, indeed almost compel, the *presumption* of a coordinated effort." *Id.*

Even taken as true, these allegations do not plausibly allege a conspiracy by Rankin County. The only allegation connecting Rankin County to King's alleged actions is Nowlin's claim that Sheriff Bailey and her ex-husband are friends. *See* Def.'s Reply [18] at 3. Nowlin supplies no facts connecting Sheriff Bailey, or anyone else in Rankin County, with the alleged "impossible" drug test or its use in the September 2022 hearing. Pl.'s Resp. [17] at 9. Nor has she alleged any connection between King and Sheriff Bailey. Also, to prove a civil conspiracy, Nowlin must offer facts which suggest that an agreement was reached. *See Twombly*, 550 U.S. at 557 (noting "conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality" under Rule 12(b)(6)). Nowlin alleges no such facts. Nor is there evidence supporting municipal liability. So, without "further factual enhancement" this claim amounts to a "naked assertion of conspiracy." *Id.* Thus, this claim must be dismissed against Rankin County.

The Court grants Defendant Rankin County's motion to dismiss [12].

III.    Motion to Amend

A.    Standard

Federal Rule of Civil Procedure 15(a)(2) governs motions to amend and states that "[t]he court should freely give leave [to amend] when justice so requires." That said, a district court may deny a motion to amend where amendment would be futile. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000). Amendment would be futile if "the amended complaint

14

would fail to state a claim upon which relief could be granted." *Id.* at 873. So, the Court applies "the same standard of legal sufficiency as applies under Rule 12(b)(6)" to the motion to amend. *Id.* (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)).

The decision "[w]hether leave to amend should be granted is entrusted to the sound discretion of the district court." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (citations omitted). A party seeking leave to amend "must give the court at least some notice of what his or her amendments would be and how these complaints would cure the initial complaint's defects." *D.L. Markham DDS v. Variable Annuity Life Ins. Co.,* 88 F.4th 602, 613–14 (5th Cir. 2023) (citing *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021), *as revised* (Nov. 26, 2021)).

B.      Analysis

In her motion to amend, Nowlin says she "desires to . . . add claims for relief to conform to the evidence, to clarify the basis of the claims made, and to substitute Defendants." Mot. [25] at 1. Substantively, the proposed amended complaint adds John and Jane Does 1–10 as Defendants, Proposed Am. Compl. [25-1] ¶ 7, and includes seven new claims. These new claims are: Count Four - Malicious Prosecution Under 42 U.S.C. § 1983 and Mississippi law, *id.* ¶¶ 129–36, Count Five - Defamation and Slander Under Mississippi Law, *id.* ¶¶ 137–43, Count Six - False Imprisonment Under Mississippi Law and § 1983, *id.* ¶¶ 144–51, Count Seven - Intentional Infliction of Emotional Distress Under Mississippi Law, *id.* ¶¶152–57, Count Eight - Abuse of Process Under Mississippi Law, *id.* ¶¶ 158–63, Count Nine - Violation of Sixth Amendment Rights Under §1983, *id.* ¶¶ 164–170, and Count Ten - *Monell* Claim against Defendant MDOC and Defendant Rankin County Under § 1983, *id.* ¶¶ 171–76.

Rankin County opposes amendment, saying the claims added in Nowlin's proposed amended complaint are futile for three reasons: (1) all claims remain barred by the applicable statutes of limitations, (2) all state-law claims are barred by the Mississippi Tort Claims Act (MCTA), and (3) all *Monell* claims are not facially plausible. Def.'s Mem. [27] at 2. Nowlin filed no reply and the time to do so has passed. For this Order, the Court focuses on Rankin County's second and third arguments.

***State-law claims against Rankin County.*** "The MTCA provides the exclusive remedy against a governmental entity and its employees for acts or omissions which give rise to suit." *Ragsdale v. Mallet*, No. 3:19-CV-252-MPM-JMV, 2020 WL 7220834, at *8 (N.D. Miss. Sept. 18, 2020), *report and recommendation adopted*, 2020 WL 7186755 (N.D. Miss. Dec. 7, 2020). And under the MTCA, Nowlin's state-law claims are subject to a one-year statute of limitations. *See* Miss. Code Ann. § 15-1-35. So even if her claims accrued in September 2022—as she argues—Nowlin filed her August 2025 Complaint about two years too late. The state-law claims against Rankin County would be futile for this reason alone.

Additionally, when suing a governmental entity, including a municipality, "at least ninety (90) days before instituting the suit, the person must file a notice of claim with the chief executive officer of the governmental entity." Miss. Code Ann. § 11-46-11. While filing this notice "will toll the [one-year] statute of limitations for ninety-five (95) days," *id.* § 11-46-11(3)(a), Rankin County says Nowlin never gave that notice, Def.'s Mem. [27] at 4; *see Anderson v. Hinds Cnty.*, No. 25-60083, 2025 WL 2542170, at *2 (5th Cir. Sept. 4, 2025) (affirming dismissal of state-law claims for failure to comply with notice requirement). Nowlin never filed a reply and thus concedes the issue.

For these reasons, adding any state-law claims against Rankin County would be futile. *See Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (per curiam) (citation omitted) ("[A] district court may refuse leave to amend if the filing of the amended complaint would be futile, i.e., if the complaint as amended would be subject to dismissal." (quoting *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir. 2009)). The motion for leave to amend is denied as to Rankin County.

**Section 1983 claims against Rankin County.** For starters, Rankin County argues in its response that "the proposed First Amended Complaint does not appear to allege new and/or different facts against Rankin County." Def.'s Mem. [27] at 2. Nowlin never responded, so she didn't dispute that characterization (which appears to be correct). Without new facts, the proposed amended complaint would fail for the same reasons stated in Section II(B)(2). Leave to amend the § 1983 claims against Rankin County is denied.[3]

Finally, as to Rankin County, Nowlin sought leave to amend after the motion to dismiss was fully briefed, so she knew the defects Rankin County asserted. Her proposed amended pleading failed to fix those issues. For that reason, the Court now finds that she has pleaded her best case and that further amendment would be futile. *See Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) ("Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead

---

[3] Nowlin's proposed amended complaint does insert additional conclusions. For example, she alleges that Rankin County "maintained a policy, custom, or practice of inadequate training, supervision, and discipline of probation officers and law enforcement personnel, leading to fabrication of evidence, false arrests, and perjury." Proposed Am. Compl. [25-1] ¶ 172. She also claims this policy "was the moving force behind the constitutional violations." *Id.* ¶ 173. But she has not offered *facts* plausibly supporting those legal conclusions.

17

with particularity after being afforded repeated opportunities to do so.").  Rankin County is dismissed with prejudice.

***Remaining Defendants.***  Nowlin's motion seeking leave to amend gets messier as to the remaining defendants because they never opposed it.  Five months after Nowlin sought that relief, MDOC and King filed motions for judgment on the pleadings.  *See* King Mot. [30], MDOC Mot. [31].  But those motions address the original pleading.  Neither MDOC nor King have ever addressed the new assertions in Nowlin's Proposed Amended Complaint.  So even if the Court granted their motions to dismiss the Complaint, it would still need responses from those Defendants if Nowlin were allowed to amend.

That said, the Proposed Amended Complaint raises Rule 11 issues the Court will address in a separate order.  Even though her motion is unopposed as to MDOC and King, the Court would not allow an amendment that violates Rule 11.  The Court therefore takes Nowlin's motion to amend [25] under advisement as to MDOC and King only.  Until the Court decides whether to grant leave to amend, all deadlines related to pending motions [30, 31] are stayed.  If the Court grants Nowlin leave to amend, then those motions would not address the operative pleading and would be considered moot.  If not, then Nowlin will be instructed to file responses.

IV.    Conclusion

The Court has considered all the parties' arguments.  Those not specifically addressed would not have altered the outcome.  For the reasons stated, Defendant Rankin County's motion to dismiss [12] is granted, and it is dismissed with prejudice.  Plaintiff's motion to amend [25] is denied as to Rankin County but otherwise taken under advisement.

**SO ORDERED AND ADJUDGED** this the 13th day of April, 2026.

s/ *Daniel P. Jordan III*  
UNITED STATES DISTRICT JUDGE

18